IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| EFRAIN DE LA CRUZ, Jr. § | | |
| Plaintiff, § | | |
| v. § | | |
| § | CIVIL ACTION NO. 2:19-cv-00022 | |
| MICHAEL R. POMPEO, in his official § | | |
| capacity as U.S. Secretary of State, § | | |
| § | | |
| Defendant. § | JURY DEMANDED | |

**ORIGINAL COMPLAINT**

Plaintiff Efrain De La Cruz, Jr. ("Mr. De La Cruz") brings this action against Defendant Michael R. Pompeo in his official capacity as U.S. Secretary of State for denying him a passport. Mr. De La Cruz was born in the United States on ▮▮▮▮▮ 1981. Defendant issued Mr. De La Cruz a U.S. passport once before, but now wrongfully denies Mr. De La Cruz's application to renew his passport despite the fact that Mr. De La Cruz submitted numerous documents to Defendant demonstrating his citizenship. Mr. De La Cruz seeks a declaration that he is a U.S. citizen under the applicable provisions of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. §§ 1401(a) and 1503, and that he is endowed with the privileges and immunities of a U.S. citizen, including the right to a U.S. passport, under the Declaratory Judgments Act ("DJA"), 28 U.S.C. § 2201, as well as equitable relief ordering the renewal of his passport.

PARTIES

1. Efrain De La Cruz, Jr., is an individual who resides in Del Rio, Texas. Under the 14th Amendment of the U.S. Constitution and the INA, he is a citizen of the United States by virtue of his birth in Menard, Texas, on ▮▮▮▮▮ 1981.

2. Defendant Michael R. Pompeo is the Secretary of State, duly appointed and confirmed by the Senate. He is sued in his official capacity. Defendant Pompeo is the head of the Department

1

of State which manages and supervises the National Passport Center for the purpose of issuing passports to United States citizens.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346(a)(2) (actions against officers of the United States), 28 U.S.C. § 2201 (Declaratory Judgments Act), and 8 U.S.C. § 1503(a) (denial of right or privilege to a U.S. citizen).

4. Venue is proper in this Court in accordance with the provisions of 28 U.S.C. § 1391e and 8 U.S.C. § 1503(a).

## FACTUAL BACKGROUND

5. Mr. De La Cruz is a United States citizen who was born on ▮▮▮▮▮▮▮ 1981, in the city of Menard at the home of a local midwife deep in the heart of Texas. Mr. De La Cruz currently resides in Del Rio, Texas. He works long, hard hours doing construction and landscaping. Mr. De La Cruz makes a modest living, but he is proud that he can support his young children and his wife, who stays home to care for the children. When he is not at work Mr. De La Cruz likes to spend quality time outdoors with his family.

6. Under Texas law, the birth of every child must be registered. TEX. HEALTH & SAFETY CODE ANN. § 192.001. Mr. De La Cruz's birth was officially registered with the State of Texas less than two weeks after his birth, on December 18, 1981.[1] *See* Exh. A.

7. There was no dispute regarding the location or date of his birth at the time of registration. The local registrar did not request evidence substantiating the facts of his birth. There also has been no dispute from state officials charged with issuing birth records to individuals born in

---

[1] Registration is not considered delayed in Texas until the one-year anniversary of the date of birth elapses without registration. *See* 25 TEX. ADMIN. CODE § 181.60. Similarly, Defendant accepts birth certificates registered within one year of the date of birth as primary evidence of a birth in the United States. *See* 22 C.F.R. § 51.42(a).

Texas. Texas law provides grounds for denying the issuance of a birth certificate where a local registrar has reason to question the validity of the birth record or documentary evidence. *See* TEX. HEALTH & SAFETY CODE § 192.026(a). Mr. De La Cruz has obtained copies of his birth certificate on numerous occasions, including once in 2009 and once in March of 2018. Both documents were submitted to Defendant in support of Mr. De La Cruz's passport renewal application. No registrar has refused to issue Mr. De La Cruz's birth certificate because it is clear that he is a natural-born American citizen.

8. Mr. De La Cruz received his first round of immunizations in January of 1982. The Texas Department of Health Immunization Record was stamped and certified by the Regional Director of Public Health for Region 4 at the time, Dr. M.J. Woltjen, M.D., M.P.H. Region 4 headquarters were then located in Abilene, Texas, less than 120 miles north of Menard.

9. Before he could walk, Mr. De La Cruz's mother, Evangelina Burciaga, was returned to Mexico by immigration officials. She brought Mr. De La Cruz with her and they resided for a short time in Acuña, Mexico. While he was still a young boy, Mr. De La Cruz returned home to the United States. He lived in the Houston area for a few years and attended elementary school in what was then the North Forest Independent School District.[2]

10. While he was living in Houston, he would go back to visit family in Mexico about twice a year. Mr. De La Cruz would return to the United States at ports of entry and present a laminated birth certificate card issued by the Menard County Clerk on or about March 23, 1987. *See* Exh. B. If there had been reason to doubt his citizenship, this official document could have been denied and Mr. De La Cruz could have been denied entry to the United States, but there was and is no reason to doubt that Mr. De La Cruz is an American citizen.

---

[2] North Forest ISD has since merged with the Houston Independent School District. When the merger occurred, many student records were lost. Unfortunately, these included the records of Mr. De La Cruz.

11. Mr. De La Cruz also has immunization records that show he was living and going to school in the U.S. at that time. He received the required immunizations to enroll in school from a local clinic in Houston. Texas Health and Human Services Commission (HHSC) records show that Mr. De La Cruz received immunizations in March, May, and July of 1989.

12. After a few years, Mr. De La Cruz's journey took him back across the border to live in Acuña, Mexico again. In order to enroll in school in Mexico and to see a doctor, on or about April 28, 1993, Mr. De La Cruz's mother registered his birth in that country.

13. Defendant is well aware of the common practice of dual birth registration by transnational families with U.S. citizen children. A 2017 study commissioned by the Mexican government to better understand transnational families' practice of dual birth registration in the U.S. and Mexico revealed that nearly half of a sample of 550,000 transnational families registered U.S.-born children in Mexico. *See Tapia-Felix v. Sessions*, 755 Fed.Appx. 602, 604 (9th Cir. 2018). U.S. Consular Officials have known about this issue for years and are engaged in a public campaign to reduce this practice and promote proper documentation of U.S.-born citizens residing in Mexico.[3] The fact that Mr. De La Cruz's birth was registered in Mexico more than a decade after his U.S. birth and registration does not provide grounds for Defendant to deny him a passport, particularly where Mr. De La Cruz has a contemporaneous Texas registration. *See Liacakos v. Kennedy*, 195 F.Supp. 630, 631 (D.D.C. 1961) ("[A] record of birth

---

[3] *See* Emily Green, *There are about 600,000 children in Mexico who were born in the US but struggle to claim citizenship*, PRI, June 26, 2018, *available at*: https://www.pri.org/stories/2018-06-26/there-are-about-600000-children-mexico-who-were-born-us-struggle-claim (accessed April 21, 2019); *see also* U.S. Department of State, U.S. Embassy & Consulates in Mexico, *Embassy Consular Officials Visit Veracruz to Share Information about Visas*, April 27, 2017, *available at*: https://mx.usembassy.gov/embassy-consular-officials-visit-veracruz-share-information-visas/ (accessed April 21, 2019) (describing Defendant's "Documéntate" initiative "to ensure that U.S.-born children of Mexican parents who are residing in Mexico are properly documented as U.S. citizens.").

contemporanceously [*sic*] made by governmental authority in official records would be almost conclusive evidence of birth.").

14. Mr. De La Cruz returned once again to Houston after living for a few of years in Acuña. He attended Oak Village Middle School in Houston. His HHSC immunization records show that he was living in Houston in 1996.

15. His family needed his support, however, and he had to leave school at a young age and started working in construction, which would prove to be the foundation for his future career, and in factories. So his journey took him back yet again over the border, where he could better provide for his family despite his youth.

16. Years later, Mr. De La Cruz met and married his wife, and they began a family of their own. Mr. De La Cruz had expanded his skill set to include painting and doing drywall, as well. By the time they had two children, Mr. De La Cruz found that he could better support his family offering his skilled labor in Del Rio, Texas. He crossed the border at the Port of Entry many times to attend work. U.S. Customs and Border Protection officials never challenged his citizenship or denied him entry into the United States.

17. In 2006, the U.S. began to regulate border crossings to and from Mexico more strictly and required people crossing to present a passport. Mr. De La Cruz applied for a passport card to comply with these regulations, and even went all the way back to Menard, Texas, to request a copy of his birth certificate to submit with his application. Because there was no doubt that he was a U.S. citizen, he had no trouble securing a passport. In spite of the closer scrutiny it was taking in a post-9/11 world, the U.S. Department of State issued him his passport card in 2006.

18. After years of using this passport card without incident, the plastic covering the passport card began to peel away. With wear and tear over the years, the information on it becoming

harder and harder to read. One day, while crossing the bridge, U.S. border officials told Mr. De La Cruz he needed to apply for a new passport.

19.     Mr. De La Cruz applied to renew his passport in December of 2016, this time applying for a passport book. The passport card and passport book are both U.S. passports and can be proof of U.S. citizenship and identity.[4] While the passport card can only be used at land border crossings and sea points of entry from Canada, Mexico, the Caribbean, and Bermuda, a passport book may be used for any international travel by sea, air, or land. The eligibility requirements for both are the same, though, and anyone who applies for either a passport card or a book must submit proof of U.S. citizenship. The same application form and instructions are used to apply for both the passport card and the passport book. Given the information Mr. De La Cruz provided, the Department of State should have issued him the renewal. Instead, Defendant requested further documentation to prove his U.S. citizenship, a first for Mr. De La Cruz.

20.     Although Mr. De La Cruz provided the Department of State with supplemental information in February of 2017, Defendant did not issue him a passport. He provided further supplementation in August of 2017, but Defendant still refused to renew his passport. Mr. De La Cruz provided supplemental information again in January and yet again in April of 2018. He even participated in telephone interviews with Defendant on six separate occasions between January 2017 and May 2018.

21.     To date, Mr. De La Cruz has provided Defendant the certified copy of his birth certificate from the Texas Department of State Health Services Vital Statistics Unit, a completed supplemental questionnaire, a sworn affidavit from his mother, a photocopy of his Texas driver's license, and immunization records. He even traveled back to Menard to try and locate the

---

[4] U.S. Department of State, *Apply For or Renew My Passport*, *available at*: https://travel.state.gov/content/travel/en/passports/apply-renew-passport/card.html (last visited April 21, 2019).

midwife who had helped birth him. Although he was saddened to learn she had passed away, he made contact with her family to see if they might have any documents that might confirm his birth in Texas. Ultimately, he managed to obtain a copy of her death certificate to send to Defendant. Despite all of these efforts and although there is no real reason to doubt the citizenship of Mr. De La Cruz, Defendant still refuses to acknowledge the fact that he was born in the United States. Instead, Defendant unreasonably denied Mr. De La Cruz his passport by letter in August of 2018. On or about August 16, 2018, Defendant issued a final administrative decision denying Mr. De La Cruz a passport on the basis of non-citizenship.

22. As a result of Defendant's delay in adjudicating Mr. De La Cruz's application to renew his passport and unreasonable denial, Petitioner has been without a passport for several years.

23. Defendant's ongoing, unnecessary refusal to renew the passport to which Mr. De La Cruz is entitled as an American hinders his ability to travel and make his livelihood. Defendant has denied Mr. De La Cruz a right or privilege as a national of the United States.

## CAUSES OF ACTION

24. Plaintiff brings this suit against Defendant under the Immigration and Nationality Act of 1952, 8 U.S.C. §§ 1401(a) and 1503, and the Declaratory Judgments Act, 28 U.S.C. § 2201.

25. Efrain De La Cruz, Jr. is a national and citizen of the United States by virtue of his birth within the boundaries of the United States. 8 U.S.C.A. § 1401(a).

26. Mr. De La Cruz has provided proof beyond a preponderance of the evidence of his U.S. citizenship to Defendant, but the Department of State continues to unreasonably delay and deny the renewal of his passport. Defendant's decision in this case is ripe for judicial review.

27. As a U.S. citizen, Mr. De La Cruz is entitled to certain privileges and immunities, including the right to have a passport. *See* U.S. Const. Art. IV § 2; 22 U.S.C.A. §§ 211a and 212.

Because the Department of State has denied him this right, an action is appropriate under 8 U.S.C.A. § 1503(a).

28. Defendant's denial of Efrain De La Cruz, Jr.'s passport application represents a denial of the privileges and immunities of U.S. citizenship within the meaning of 8 U.S.C. § 1503. Plaintiff is thus entitled to bring an action under the Declaratory Judgments Act seeking a declaration that he is a U.S. citizen and entitled to a U.S. passport.

## RELIEF REQUESTED

29. Mr. De La Cruz seeks declaratory relief stating that he is a U.S. citizen by virtue of his birth in Texas and is thus entitled to obtain a U.S. Passport. He further seeks equitable relief ordering Defendant to issue his renewed U.S. passport.

30. Pursuant to 28 U.S.C. § 2412(d), Mr. De La Cruz is also entitled to his reasonable attorney's fees and costs.

## JURY DEMAND

31. Plaintiff respectfully requests that this matter be tried before a jury.

## PRAYER FOR RELIEF

Therefore, Mr. De La Cruz prays that this Court grant the following relief:

A. Declare that he is a U.S. citizen by virtue of his birth in Texas and is thus entitled to obtain a U.S. Passport;

B. Order that Defendant renew the U.S. passport of Mr. De La Cruz, who is an American citizen;

C. Award Plaintiff his reasonable attorney's fees and costs pursuant to 28 U.S.C. § 2412(d); and

D. Grant any other relief at law or equity that the Court deems appropriate.

Dated: April 22, 2019.

Respectfully submitted,

*/s/ Peter McGraw*
Peter McGraw
State Bar No. 24081036
Texas RioGrande Legal Aid, Inc.
1206 E. Van Buren Street
Brownsville, Texas 78520
(956) 982-5540 (phone)
(956) 541-1410 (fax)
pmcgraw@trla.org

Hannah Samson
State Bar No. 24108766
Texas RioGrande Legal Aid, Inc.
902 East 11th St.
Del Rio, Texas 78840
(830) 774-8300
hsamson@trla.org
*Application for admission Pro Hac Vice pending*

Wayne Krause Yang
State Bar No. 24032644
Ann Maldonado Heaps
State Bar No. 24107434
Texas Legal Services Center
2101 S. IH 35 Frontage Road
Suite 300
Austin, Texas 78741
(512) 477-6000 (phone)
(512) 477-6576 (fax)
wyang@tlsc.org
aheaps@tlsc.org

ATTORNEYS FOR PLAINTIFF